**EXHIBIT 2 - Piedmont Grievance Committee By-Laws**

# PIEDMONT GRIEVANCE COMMITTEE

## BY-LAWS

**Effective 1987**
Revised 8/96; Revised 9/97; Revised 12/99; Revised 1/02; Revised 8/02
Revised 8/04; Revised 4/07; Revised 1/10; Revised 1/12

### PREAMBLE

The Rules of Procedure hereunder are established and will govern the Piedmont Grievance Committee, hereinafter referred to as "Committee", hearings on both the Employers and Local Unions signatory to Contract Agreements that contain the Piedmont Grievance Procedure. The Committee shall consist of Union representatives of Local Unions affiliated with the International Brotherhood of Teamsters and management representatives of Employers.

### ARTICLE I
### COMMITTEE MEMBERSHIP

(A)   The membership of the Committee shall be composed of representatives of Local Unions party to agreements containing the Committee Grievance Procedure. Such representative must be a full-time paid representative of a Local Union.

(B)   The membership of the Committee shall be composed of representatives of the Employers party to agreements containing the Committee Grievance Procedure. Such representative must be designated from personnel such as executives, terminal managers, or other managerial personnel. Such representative must be a full-time paid representative of a Company.

(C)   Each Local Union and Employer shall notify the Co-Chairman, in writing, the individuals designated as their respective representatives appointed to the Committee, or any change that may occur as to such representatives.

(D)   **In any matter requiring a vote, (such as election of Chairman under Article II or Amendment of the By-laws in Article XI hereafter) each Employer and each Local Union shall have one (1) vote. In order to vote, a Local Union or an Employer must have a representative present to cast that vote. (Amendment 1/12)**

(E)   **Only designated representatives of Local Unions and Employers who are current on their payments for the required annual deposit and any other fees due under Article V or Article IX will be permitted to present and/or hear cases before the Committee. If the annual dues or fees have not been paid within ninety (90) days of the date of the invoice for such dues or fees, the Committee may hear any case scheduled but the party owing any such dues or fees shall not be allowed to participate in the hearing. No attorneys or professional labor consultants shall be designated as a representative to the Committee; however, they may be used as witnesses. (Amendment 1/12)**

DURHAM000218

## ARTICLE II
## CHAIRMEN

(A)  The Union and Employer representatives shall elect a Chairman from their respective groups annually during a regular August meeting. The incumbent Chairmen shall notify all representatives as to the identity of the newly elected Chairmen.

The newly elected Chairmen shall assume office at the regular September meeting following their election. The Employer Co-Chairman shall chair the September meeting in all even-numbered years, and the Union Co-Chairman shall chair the September meeting in all odd-numbered years. The Chairmanship shall alternate monthly during the remainder of their tenure.

(B)  The Co-Chairmen shall, if they desire, designate an Administrative Assistant, with Committee Approval.

(C)  The Co-Chairmen and/or Administrative Assistant are authorized to purchase necessary office supplies and have repairs made to the recording equipment as may be required. Accurate receipts and records for all expenditures will be kept and a full report of the same made to Committee members annually at the September meeting.

## ARTICLE III
## SELECTION OF PANEL

(A)  Each Chairman will select a panel of representatives to hear each case. The panel shall be comprised of an equal number of Union and Employer representatives. The panel shall consist of a minimum of two (2) Union representatives and two (2) Employer representatives.

(B)  Co-Chairmen and other representatives shall not be permitted to participate as panel members during the hearing of a case involving their Local Union or Employer.

(C)  No Employer or Union representative involved in the investigation or local hearing of a grievance shall be permitted to participate as a panel member during the hearing of the case, whether or not it involves their respective Employer or Local Union.

DURHAM000219

## ARTICLE IV
## FILING OF GRIEVANCES

(A)  When the parties are unable to settle a dispute at the local level, then the complaining party shall submit the issue in grievance form to the Committee. The complaining party shall notify the other party of any case to be heard at least fourteen (14) days prior to the Committee meeting. However, the fourteen (14) day limitation will be waived on any case involving a discharge or where there is continuing liability or may be waived by mutual agreement between the parties at any time. Cases that do not reach the respective Chairmen at least fourteen (14) days prior to a scheduled meeting of the Committee may be continued to the next meeting of the Committee.

(B)  All members of record will be mailed a copy of the agenda at least ten (10) days prior to the meeting date.

## ARTICLE V
## POSTPONEMENT OF CASES

(A)  Postponement of cases shall be granted upon request given to both Chairmen and the opposing party by the fastest possible method of communication. The guidelines of postponements are as follows: the Company may request a postponement and then the Union may request a postponement the next month (or vice versa). This to include one (1) Company postponement and one (1) Union postponement within the first two (2) months. After this requirement has been met, the two parties can agree to mutually postpone the case on an ongoing basis. All individual postponements will cost twenty ($20) dollars. All mutual postponements cost ten dollars ($10) for each party. (Amendment 1 10). No postponement will be granted after the case has been called for hearing on the record. In the event of conflict between the parties concerning the addition of new evidence, the presiding Chairman shall have the final ruling as to the validity of a request for postponement. In this event the presiding Chairman can "Postpone Committee." If other extenuating circumstances occur, upon mutual agreement of the Co-Chairmen, cases may be "Postponed Committee."

DURHAM000220

## ARTICLE VI
## FAILURE TO APPEAR

(A)   If a party to a case scheduled for hearing fails to appear at the time the case is called, without an authorized postponement as provided for in Article V above, the case shall be placed at the end of the agenda for that day; and if the party fails to appear when the case is called later in the day, the Panel of the Committee shall receive all evidence presented by the appearing party and a decision shall be rendered thereon; excepting, however, that in any such case, the Chairman of the group whose party fails to appear may appoint a member of the Committee not sitting on the Panel to present such evidence as may be available.

The Panel shall consider all evidence presented and render its decision thereon. The Chairmen may by mutual agreement postpone one time any case scheduled for hearing, upon failure of either party to show for hearing.

## ARTICLE VII
## HEARINGS

(A)   In the hearing of a case either party may present any evidence bearing on the facts of a particular case, and may present testimony of witnesses either in person or by sworn affidavit/notarized statement. All sworn affidavits, emails and/or documentation on official letterhead are to be furnished to the other party by 5:00 p.m. on the Friday before the hearing. During the hearing of the case, only the Panel members, the parties presenting the case, and the Secretary/Recorder should be allowed to sit in the immediate area where the hearing is conducted. Other members of the Committee should be allowed to be present, but not intermingle with the group designated above and not to participate in the presentation, the discussion or the questioning.

(B)   Each party participating in the presentation shall submit a Brief of his presentation in writing to the Panel members designated to hear the case.

(C)   No evidence will be heard except that pertaining to the particular case before the Committee. Evidence of past offenses for which warning letters have been given, as well as any other evidence having direct bearing on the case may be presented if pertinent to the particular case provided such past offenses or warning letters are not outside the time limitations as set out in the prevailing Agreement between the parties. Warning letters on their own will not be heard by this Committee. Any new evidence must be presented to the other party by 5:00 p.m. on the Friday before the meeting.

(D)  In all cases, except discharges and suspension, the complaining party shall present his case, after which the opposite party shall present his version of controversy. Each party shall then be allowed one (1) rebuttal. All persons testifying shall answer all pertinent questions asked of them by the opposite party, through the Chairman or members of the Committee. If an individual employee is affected by the grievance, he shall, whenever possible or practical, appear and be subject to questioning as provided for above. All parties shall have available at the time of hearing any written records or documents upon which they rely in support of their case.

(E)  Arguments on the case can be cut off by the presiding Chairman of the Committee after all factual information is presented or any time parties become repetitious.

(F)  Cross examination shall only come through members on the Panel.

(G)  The Chairman presiding on the particular case shall maintain order and make final rulings on all Points of Order, consistent with Roberts' Rules of Order.

(H)  After each party has presented its case, all interested parties will leave the hearing room and joint Panel, in Executive Session, will make its' decision. When the Panel goes into Executive Session in order to decide the case, all others must retire completely out of the room, out of sight and of hearing. The Panel will go into Executive Session and render a decision after each case has been presented. After having reached a decision, the interested parties will be called back into the hearing room and advised at that time of the decision reached. In the case of a discharge, the discharged party will be notified at a later date as to the Committee's decision.

(I)  The Panel members hearing any case will be obligated to make a decision based on the pertinent facts presented by the parties. Any Panel member who feels that he cannot assume such obligation shall remove himself from the Panel. The same will apply where a Panel member has prior knowledge of the facts involved in a particular case.

(J)  This Committee shall have the authority to order full, partial or no compensation in deciding disputes and/or grievances and rendering awards. A decision by majority of a Committee Panel shall be final and binding on all parties, including the employee and/or employees affected.

DURHAM000222

## ARTICLE VIII
## MEETINGS

The Committee shall meet at 9:00 a.m. on the fourth (4th) Wednesday and Thursday of each month. Any such scheduled meeting may be postponed, or the time or place of such meeting may be changed by mutual agreement of the two (2) Chairmen. When the need arises, the Chairmen shall have the authority to call special sessions of this Committee upon proper notification to all parties.

## ARTICLE IX
## FEES

(A)  Beginning January 1, 2010, yearly dues shall be increased from seventy-five dollars ($75.00) to one hundred dollars ($100) per year. Each Company and each Local will pay an annual membership fee of one hundred dollars ($100). Annual membership fee and case charges will be cumulative and shall be subject to a penalty of fifty percent (50%) for each delinquent year.

The annual fee of one hundred dollars ($100) shall be considered strictly as the annual membership dues and shall not be considered as a credit toward any future cases.

On all cases presented to the Committee, there shall be a charge of fifty dollars ($50.00). The losing party to such disputed cases shall be required to pay this charge; except that in the deadlocked cases or compromise decisions, the cost is to be borne equally by contesting parties.

In the event a case is deemed to be improper before the Committee, the fifty dollar ($50.00) case fee will be charged to the party bringing forth such case.

(B)  Any Employers or Local Unions joining the Committee after January 1, of each year will be required to make the one hundred dollars ($100) annual dues.

(C)  The charges shall be payable to the Committee, and funds shall be expended by the Committee to defray the cost for carrying out its functions, which shall include, but not be limited to, expenses in printing, mailing, and meeting rooms, etc.

## ARTICLE X
## RECORD RETENTION

(A)   All cases shall be recorded. Such recordings shall be retained in the office of Teamsters Joint Council No. 9, 1200 The Plaza, Charlotte, N.C. 28205, phone (704) 334-1834. All other records pertaining to hearings shall be retained by the Employer Co-Chairman. Any costs associated with rental of additional storage space for these records will be shared with the Bi-State Grievance Committee and the Atlantic Area Small Package and Parcel Grievance Committee, who also utilize these offices for record storage.

(B)   Transcripts of the recordings shall be made available to any representative upon written request to the Co-Chairmen. A fee of $4.50 per page of the transcript will be charged to the party requesting the transcript. All transcripts will be double spaced unless other spacing is requested. Additional requests may result in additional fees. Any party requesting a transcript will be assessed a fee of $250.00 by the Committee prior to the transcript being prepared. This amount will be credited toward the actual cost of transcribing the recordings and any refunds due or additional charges necessary will be processed upon completion of the transcribed copy.

(C)   In order to add efficiency and to expedite billing and docketing of cases, the Local Unions will administer these functions. All original filings of grievances should be sent to the designated Union affiliation as identified by letter when changes occur. The Piedmont Committee Administrative Assistant will receive a monthly administration fee as determined by the Co-Chairmen and reported to the membership of the Committee at the December's meeting. This will cover administration of the docketing, accounts receivable, and accounts payable. Mailing expenses will be billed to the Committee from the Administrative Assistant as required to maintain proper postage.

## ARTICLE XI
## AMENDMENTS OF BY-LAWS

(A)   These Rules of Procedure may be amended, modified or changed by mutual agreement of the Union Representatives and the Employer Representatives.

Any such amendments, modifications or changes as agreed upon shall be reduced to writing, with copies being furnished all Committee members at least thirty (30) days prior to the changes to be voted on.

DURHAM000224

## ARTICLE XII
## WITHDRAWAL PROCEDURE

(A) Any Local Union or Employer voluntarily signatory (not bound by Contract) to these Rules may withdraw from the governorship of these Rules of Procedure upon thirty (30) days' written notice to the affected opposing party, with copies going to both Co-Chairmen.

## ARTICLE XIII
## COMMITTEE DINNERS

(A) The Panel may have a dinner each September Panel, if it has been determined by the Piedmont Co-Chairman at the August report to the membership of the Committee, that there is sufficient funds to pay for dinner. This dinner will only be eligible to respective representatives appointed to the Committee and their significant others. The Co-Chairmen may invite up to three (3) guest each at their discretion.

(B) Any dinners other than annual shall be voted on and approved by the respective Representatives and only be eligible for the respective representatives and their significant others.

DURHAM000225

## ARTICLE XII
## WITHDRAWAL PROCEDURE

(A)   Any Local Union or Employer voluntarily signatory (not bound by Contract) to these Rules may withdraw from the governorship of these Rules of Procedure upon thirty (30) days' written notice to the affected opposing party, with copies going to both Co-Chairmen.


## ARTICLE XIII
## COMMITTEE DINNERS

(A)   The Panel may have a dinner each September Panel, if it has been determined by the Piedmont Co-Chairman at the August report to the membership of the Committee, that there is sufficient funds to pay for dinner. This dinner will only be eligible to respective representatives appointed to the Committee and their significant others. The Co-Chairmen may invite up to three (3) guest each at their discretion.

(B)   Any dinners other than annual shall be voted on and approved by the respective Representatives and only be eligible for the respective representatives and their significant others.